tion of him for the purposes of the action.  His appearance was for the purpose of the motion only, and it is only costs of the motion which could properly be awarded against the plaintiffs.  *Ex parte Benson,* 6 Cow. 592; *People* v. *Judges of Madison Co.,* 7 Cow. 423.  The portion of the order appealed from should be reversed, with $10 costs and the disbursements of this appeal.  So ordered.  All concur.

---

### BREWER *v.* LONGNECKER *et al.*

*(Supreme Court, General Term, Fifth Department.  October, 1891.)*

MORTGAGES—FORECLOSURE FOR INSTALLMENT—AMENDMENT OF JUDGMENT AFTER SALE.
In an action to foreclose a mortgage, $2,500 of the principal secured thereby being due and $18,000 to become due, the court, on finding that the property could not be sold in parcels, rendered final judgment, as in such case authorized by Code Civil Proc. N. Y. § 1637, that the whole property be sold, and the proceeds applied to the payment of the whole debt secured.  The property sold for $20,000.  The judgment contained a provision that, in case the property did not sell for enough to satisfy the whole debt, application might be made for execution against the parties personally liable when the deficiency became due.  There was no payment into court after judgment and before sale.  *Held,* that a motion made after sale to amend a clause of the judgment providing for the case of payment into court after judgment and before sale, and to amend a clause providing for the case of a deficiency if the proceeds were not sufficient to pay "the amount so reported as actually due to the plaintiff" by substituting the words "the entire mortgage debt," was unnecessary, and should have been denied.

Appeal from special term, Erie county.

Action by Francis B. Brewer against Frank C. Longnecker and others for foreclosure of mortgage.  From an order made on application of plaintiff, amending the judgment, after sale of the premises, defendant appeals.  Modified.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*P. A. Matteson,* for appellants.  *Wm. C. Fitch,* for respondent.

DWIGHT, P. J.  The case was one specified in section 1634 of the Code of Civil Procedure,—$2,500 was due and $18,000 was to become due 10 years later,—but no payment into court was made under the provisions of that section, and the court found that the mortgaged property could not be sold in parcels.  Final judgment was accordingly entered for a sale of the property as a whole, and the application of the proceeds, after deduction for costs, expenses, etc., in accordance with the first of the alternative provisions of section 1637 of the Code, viz., to the satisfaction of the whole sum secured by the mortgage; and so far the judgment was entirely correct, and was not affected by the amendment.  Then followed a clause providing for the case of a deficiency in the proceeds of sale to pay "the amount so reported as actually due to the plaintiff, with interest," etc.  It provided that, in that case, "the sheriff specify the amount of such deficiency in his report of sale, and that on the filing of such report the defendants Frank C. Longnecker and Christian W. Koester, who are personally liable for the payment of the debt secured by the said bond and mortgage, pay to the plaintiff the amount of such deficiency, with interest thereon from the date of said last-mentioned report, and that the plaintiff have execution therefor."  This provision was entirely correct, since it was possible that the contingency therein specified might arise, viz., that the proceeds of sale might prove to be insufficient to pay the amount actually due at that time, in which case the obligors in the bond would become presently liable for such deficiency.  The plaintiff moved to amend this provision, and an amendment was granted, by substituting for the words, "the amount so reported as actually due to the plaintiff," the words, "the entire mortgage debt;" and the court further amended the clause by adding thereto, after provision for execution, the words, "in accordance

with the provisions of this judgment as hereinafter provided." The amend ment was entirely unnecessary. The provision for the case of a possible insufficiency of the proceeds of sale to pay the amount then actually due, was, as we have seen, a perfectly proper one, and the judgment already contained, further on, a proper provision for the case, which actually arose, of a deficiency in the amount necessary to pay the entire mortgage debt. So that even if, as it stood, the provision amended was in any respect incorrect, the result of the sale had shown it to be entirely nugatory, because the contingency upon which its operation depended did not arise. The premises sold for more than $20,000, leaving only a deficiency of about $1,500 in the amount necessary to pay the entire mortgage debt. The last remark applies equally to the next and last amendment allowed. That was an amendment to the clause which was intended to provide for the case of payment into court, under section 1635, of the amount actually due, after judgment and before sale. This contingency did not arise, and the entire clause, whether before or after amendment, was inoperative and nugatory. The last provision of the judgment is the one before referred to as completely providing for the contingency which actually arose, of a deficiency in the proceeds of sale to pay the whole amount due and to become due on the mortgage. This provision was subjected to no amendment, and none was required. It is in the following terms: "And in case said premises shall be sold under this judgment, and shall not produce sufficient to satisfy the amount so reported as secured and unpaid, with interest and the costs of this action and of such sale, and the taxes, it is further ordered and adjudged that the said plaintiff be at liberty at any time thereafter, when any such deficiency of principal or interest shall have become due, according to the conditions of said bond, to apply to the court for an execution against said defendants Frank C. Longnecker and Christian W. Koester, who are personally liable for the payment of the debt secured by said mortgage, to collect the amount which shall then be due thereon, with interest and costs of such application." It seems, therefore, that the judgment was quite correct, unless in one or two provisions which became inoperative in the actual event of the proceedings under the judgment and of the sale. The motion for amendment was therefore unnecessary, and should have been denied. The branch of the motion for an amendment of the sheriff's report of sale was not opposed by the defendants, and was properly granted. But the appeal was from the whole order. The order should be modified by striking out all that part which amends the judgment, and, as so modified, affirmed, without costs of this appeal to either party. So ordered. All concur.